NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ADEWALE B. IDOWU, | |
| Plaintiff, | |
| v. | Civil Action No. 13-1674 (ES) |
| LT. WHITELY et al., | **OPINION** |
| Defendants. | |

**Salas, District Judge:**

Plaintiff Adewale B. Idowu ("Plaintiff"), an alien detainee, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk to file the Complaint.[1] At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. For the reasons set forth below, the Complaint will be dismissed.

---

[1] Since Plaintiff is an alien detainee, no assessment will be directed against him. However, this dismissal will count against Plaintiff for the purposes of the "three-strikes" rule.

Plaintiff asserts that: Defendant Lt. Whitely withheld Plaintiff's property and funds; Defendant John Doe conspired with Defendant Whitely to do the same; Defendants Mercado and Lagana did not respond to Plaintiff's grievances; and Defendant Lagana, being the administrator of the prison facility, did not intervene in the said events.  See D.E. No. 1 ¶¶ 4, 6. Plaintiff also asserted that he commenced no prior actions in federal court. See id. ¶ 2.

The Supreme Court detailed the standard for summary dismissal of a complaint in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 672 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

2

2009) (citing Iqbal, 129 S. Ct. at 1948). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."[2] Id. at 211 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

Here, Plaintiff's deprivation of property claim against Defendant Whitely fails as a matter of law because the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 et seq., provides adequate due process. The NJTCA provides an adequate post-deprivation judicial remedy to persons, including inmates such as Plaintiff, who believe they were wrongfully deprived of property at the hands of prison or jail officials. See Holman v. Hilton, 712 F.2d 854, 857 (3d Cir. 1983); Asquith v. Volunteers of Am., 1 F. Supp. 2d 405, 419 (D.N.J. 1998). Because the NJTCA is an available post-deprivation remedy providing due process, Plaintiff's claim regarding the loss of property and funds will be dismissed. See id.

Plaintiff's claims against Defendant John Doe fails for the same reason and, in addition, for failure to state any facts rendering Plaintiff's conspiracy claim plausible.[3]

---

[2] In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).
[3] The Court presumes Plaintiff intended to raise a Section 1985 conspiracy claim. A claim under § 1985 is different from a § 1983 one because there is no requirement of state action under the former. However, a plaintiff must prove the following elements under § 1985: (1) a conspiracy; (2) for the

Plaintiff's claims against Defendants Mercado and Lagana are also deficient. Since it is well established that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights," Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), a failure to respond to an inmate's grievances "does not violate his rights to due process and is not actionable." Stringer v. Bureau of Prisons, 145 F. App'x 751, 753 (3d Cir. 2005) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)). Plaintiff's claim against Defendant Lagana based on his supervisory position is also invalid. See Iqbal, 556 U.S. at 676; Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978).

Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S.

---

purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) some act in furtherance of the conspiracy committed or caused to be committed by the conspirators; and (4) that the plaintiff was injured in his person or property, or was deprived of having and exercising any right or privilege of a citizen of the United States. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168 (3d Cir. 1978). The Motion at bar sufficiently addressed Plaintiff's conspiracy challenge and, therefore, it shall suffice to merely state that, since "[t]he linchpin for conspiracy is agreement," Bailey v. Bd. of Cty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992)); to survive a motion to dismiss, a plaintiff asserting a civil rights conspiracy claim must plead the facts showing an actual agreement between the parties. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("a plaintiff must assert facts from which a conspiratorial agreement can be inferred"). Moreover, "a plaintiff must show . . . that 'some racial, or . . . class-based, invidiously discriminatory animus lay behind the conspirators' action,'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (quoting Griffin, 403 U.S. at 102)). The Complaint here failed to even hint at any fact showing a conspiracy against Plaintiff.

178, 182 (1962); accord Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  However, "[a]llowing leave to amend where there is a stark absence of any suggestion by the plaintiffs [may] cure the defects in the pleadings . . . would frustrate Congress's objective in enacting this statute of provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (internal quotation marks & citation omitted). Here, Plaintiff cannot cure the deficiencies of his claims by re-pleading. Therefore, his Complaint will be dismissed with prejudice.

Finally, the Court takes judicial notice of Plaintiff's prior actions litigated in this District, see Idowu v. Holder, No. 13-304 (ES); Idowu v. Boone, No. 10-5480 (RMB); Idowu v. Beaton, No. 08-2294 (KSH), and in the United States Court of Appeals for the Third Circuit.  See Idowu v. Boone, U.S.C.A. No. 12-4128; Idowu v. Att'y General, U.S.C.A. No. 12-2954.

The Court notes the incompatibility of said record with Plaintiff's statements that he had no previous lawsuits in federal court[4] and takes this opportunity to advise Plaintiff

---

[4] "Rule 201(b) . . . permits a district court to take judicial notice of facts that are 'not subject to reasonable dispute in that [they are] either[:] (1) generally known within the territorial jurisdiction of the trial court[;] or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (quoting Fed. R. Evid. 201(b)).

that such litigation practice, if continued, might subject Plaintiff to sanction, if appropriate.

For the foregoing reasons, Plaintiff's application to proceed in this matter <u>in forma pauperis</u> will be granted. Plaintiff's Complaint will be dismissed with prejudice.

An appropriate Order follows.

*s/ Esther Salas*
**ESTHER SALAS**
**United States District Judge**